UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC McENTARFER,<br><br>                    Plaintiff,<br><br>v.<br><br>TWIN FALLS PROSECUTORS OFFICE, ANGELA BEESON, DAN LEWIN,<br><br>                    Defendants. | Case No. 1:26-cv-00305-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Eric McEntarfer filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner and a pauper. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). Having reviewed Plaintiff's filings, the Court issues the following Order dismissing the Complaint without prejudice and permitting Plaintiff to file a brief showing he should be permitted to proceed.

**REVIEW OF CLAIMS**

Plaintiff asserts that county prosecutors are holding him on a $250,000 bond in a criminal case charging him with violating a civil protection order. He asserts that, because the civil protection order is now expired, the State can no longer hold him in the criminal case. Plaintiff's civil rights action references two criminal cases and two civil cases. In the first criminal case, Plaintiff is charged with violating the civil protection order relating to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

the mother of his children. In the other, he is charged with stalking the same person who is the subject of the civil protection order. He asserts that he is suffering from not being able to see his minor children, who are in custody of the mother. *See* State Registers of Actions, attached to Order.

Plaintiff is being held pursuant to a bond or bail and is represented by counsel in his ongoing criminal cases. He has filed motions to reduce his bond and a motion to increase his bail (to be able to claim time served) in the criminal actions. *See* Attachments.

Federal district courts usually abstain from adjudicating civil rights actions that could impact ongoing state criminal cases. *Younger v. Harris*, 401 U.S. 37 (1971). A federal court should abstain from hearing a civil rights case under the *Younger* doctrine when three factors are present: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates an important state interest (such as state criminal actions); and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id*. at 54.

Plaintiff cannot meet the *Younger* test here. The Idaho state criminal case is actively pending. Setting and enforcing bail conditions is a fundamental state judicial function. The

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

prisoner has the legal right to challenge the bond directly within the Idaho state court system, including via interlocutory appeal or a state habeas corpus petition under I.C. § 19-4205.

In addition, the United States Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action. Even if Plaintiff reformulated the bond challenge as a federal habeas corpus petition under 28 U.S.C. § 2241, the federal court would still dismiss it unless Plaintiff has fully exhausted available state court remedies first.

## ORDER

**IT IS ORDERED** that the Complaint is DISMISSED without prejudice. If Plaintiff believes he can show extraordinary circumstances, he may file a brief in response to this Order within **21 days**. If he does nothing further, the Court will enter a judgment and close the case, without further notice to Plaintiff.

DATED: June 15, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3